# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JENNIFER WHITWORTH,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No.: 2:20-cv-756-RDP-HNJ |
| **STEVEN MEZRANO and** | ) |
| **MEZRANO LAW FIRM, P.C.,** | ) |
| **Defendants.** | ) |

## DEFENDANTS' MOTION TO STRIKE

Defendant Steven Mezrano ("Mezrano") and Defendant Mezrano Law Firm, P.C. ("MLF") (collectively "Defendants") submit the following Motion to Strike Plaintiff Jennifer Whitworth's untimely Opposition to Defendants' Motion for Summary Judgment (Doc. 122):

1. "**Deadlines are not meant to be aspirational; counsel must not treat the goodwill of the court as a sign that, as long as counsel tries to act, he has carte blanche permission to perform when he desires**." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863 (11th Cir. 2004) (emphasis added) (affirming district court's decision to strike plaintiff's untimely response to defendants' motion for summary judgment and noting "[t]he district court indicated that—given the procedural posture in this case with the multiple extensions and warnings that no further extensions would be granted—'counsel should have gone to extraordinary

49627582 v3

lengths to ensure that their summary judgment opposition materials were timely filed.'"); *Solis v. Tyson Foods, Inc.*, 2009 WL 10687775, at *6 (N.D. Ala. Sept. 11, 2009) (striking plaintiff's late-filed summary judgment opposition brief and stating "a district court has broad discretion to make and enforce scheduling orders, and that a court may strike an untimely motion as a sanction for violating court-imposed deadlines.").[1]

2. On December 12, 2022, the Court granted Plaintiff's **third** request for extension, and ordered Plaintiff to file her opposition brief "**on or before 5:00 p.m. on December 15, 2022**."[2] (Doc. 120) (emphasis added). The Court's Order further noted that "it has granted, and Defendant has not opposed, two prior motions to extend this deadline. **No further delay will be tolerated**." (Doc. 120) (emphasis added).

3. Despite the seemingly clear and unambiguous language of the Court's Order setting the final, **final** filing deadline at 5:00 p.m. on December 15, 2022, and the Court's clear statement that no delay beyond that deadline would be tolerated,

---

[1] *See also Chrysler Intern. Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("[W]e stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents of University of Georgia*, 263 F.3d 1264, 1269 (11th Cir. 2001) ("[W]e accord district court's broad discretion over the management of pre-trial activities, including discovery and scheduling."); *Atkins, v. McHugh*, 2015 WL 1810481, n.2 (N.D. Ala. Apr. 21, 2015).

[2] Plaintiff's third request for extension of time asked for a 48-hour extension, until December 14, 2022, and the Court generously allowed the Plaintiff an additional day, until 5:00 p.m. on December 15, 2022.

Plaintiff simply disregarded the Court and filed her brief at 5:15 p.m. on December 15th. (Doc. 122). Plaintiff did not file a (fourth) motion for extension, did not file any motion seeking leave of the Court to file her brief out of time, and did not address her untimely filing in the opposition brief itself.

4. In addition to her failure to timely file her opposition brief as ordered by the Court, Plaintiff filed a brief that exceeded the forty-five (45) page limit set by the Court in its October 4, 2022 Order. (Doc. 97). Once again, Plaintiff did not file a motion for leave to violate the Court's page limitation or seeking excess pages.

5. Despite Plaintiff's limited request that Plaintiff be allowed the additional time to file her brief, Plaintiff nevertheless took the liberty of filing additional evidentiary material – including a revised declaration from Plaintiff signed on December 15, 2022, *after* Defendants timely filed their opposition brief and Plaintiff had three days to review it – again without seeking leave from the Court to do so. (Doc. 121).

6. Plaintiff's disregard of the Court's Orders through late filings, briefing that exceeds the Court's page limitation, and untimely supplemental evidentiary submissions is prejudicial to the Defendants and should not be tolerated.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that their Motion to Strike be granted and that Plaintiff's untimely Opposition to Defendants' Motion for Summary Judgment (Doc. 122) and supplemental

evidentiary materials (Doc. 121) be stricken for failure to comply with this Court's Orders.

**ATTORNEYS FOR MEZRANO LAW FIRM, P.C.**

*s/ Ronald D. Scott Williams*
Ronald S. Williams
Amy Jordan Wilkes
Cayman L. Caven
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Phone: (205) 251-3000
Fax: (205) 458-5100
Email: scwilliams@burr.com
       awilkes@burr.com
       ccaven@burr.com

**ATTORNEY FOR MEZRANO LAW FIRM, P.C. AND STEVEN MEZRANO**

*s/ Brent L. Crumpton*
Brent L. Crumpton
BRENT L. CRUMPTON, P.C.
1120 28th Place South
Birmingham, AL 35205
Phone: (205) 222-4456
Email: blc@crumptonlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 16th day of December, 2022:

| | |
|---|---|
| Alicia Haynes<br>HAYNES & HAYNES<br>1600 Woodmere Drive<br>Birmingham, Alabama 35209 | Cynthia Forman Wilkinson<br>WILKINSON LAW FIRM<br>1717 3rd Avenue North, Suite A<br>Birmingham, AL 35203 |
| Heather Newsom Leonard<br>HEATHER LEONARD, P.C.<br>P.O. Box 43768<br>Birmingham, AL 35243 | |

                                              *s/ Ronald D. Scott Williams*
                                              OF COUNSEL