# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JENNIFER WHITWORTH,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**STEVEN MEZRANO and** )<br>**MEZRANO LAW FIRM, P.C.,** )<br>)<br>**Defendants.** ) | **Case No.: 2:20-cv-756-RDP** |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE (DOC. 123) AND PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S INITIAL BRIEF (DOC. 106) AS NONCOMPLIANT

COMES NOW counsel for Plaintiff responds to Defendants' Motion to Strike (Doc. 123) as follows:

Defendants' counsel is correct; Plaintiff's brief is 51 pages. When the undersigned filed the motion for a 48-hour extension in the early morning hours (Doc. 118), I had in one hand a draft response brief that was 75 pages and, in the other hand, Defendants' brief that indicated 50 pages at the top of the page. In my sleep-deprived mind, my co-counsel and I had 25 pages of argument and facts to cut from 75 pages to be able to file a compliant brief. It was my error not to check the Court's Order extending the page limitation on Defendants' Unopposed Motion. (Doc. 97).

The brief went one-half page over 50 pages when there was an issue with the table of contents and a spacing issue. There remains an obvious spacing issue within the brief on several pages and Plaintiff moved and adjusted footnotes to try to accommodate or solve the issue. Since Plaintiff was at or near the deadline to file, I instructed my paralegal to disregard the format issue and let the one-half page slide over, so as to meet the deadline.

As a result, the brief was 15 minutes late. I apologize to the Court for the lateness. However, I also believed I would incite the wrath of the Court to waste its time with a motion for 15 minutes explaining in detail the "good cause" snafus that can only occur in a law office when you are staring down the barrel of a looming deadline. If the Court so requires, Plaintiff requests leave to file her motion to submit the brief late and 5½ pages over the Court's required page limitation, or in the alternative to remove footnotes only, which will eliminate the extra pages.

Finally, there is an old adage which says people that live in glass houses shouldn't throw stones; a simplistic reminder not to criticize others for a flaw that you yourself possess. Defendants' initial brief is noncompliant with the Court's Scheduling Order, Appendix II A, and is due to be struck in its entirety. The spacing and format of the brief have been manipulated to extend the page limitation.

The Court's Order provides that the text of briefs must be double spaced using 12-point typeface. There is one exception for the double spacing requirement: the use of block quotations over 50 words. The primary violation in Defendants' initial Brief in Support of their Motion for Summary Judgment (Doc. 106) is spacing within the body of the brief, specifically with subheadings. Defendants have used a single space after each secondary subheading in Sections A-J of Facts and Sections A-H of Argument. Defendants have also manipulated the spacing in other subheadings. As an example, the "I. Statement of Facts" is slightly less than the double space requirement by using a 6-point space deletion. There are other headings within the argument where the spacing has been manipulated to be less than the double spaced requirement.

The Court cautioned the parties in Exhibit B, footnote 5, "Briefs must be typewritten and double spaced, using at least 12-point type. The court expects that counsel will respect the page limitation established by this order. Transparent attempts on the part of counsel to circumvent page limitation by manipulating type sizes, margins, line spacing, or other similar end runs will not be tolerated." Doc. 29, p. 15, FN5. The Court directed the parties to follow the directions set forth in Appendix II <u>and</u> Exhibit B. *Id.* at 4.

Despite the seemingly clear and unambiguous language regarding formatting requirements and page limitations, Defendants intentionally disregarded the Court's

Order by manipulating line spacing and type sizes of certain lines throughout the brief for the sole reason to extend the page limitation established by the Court. These deviations and manipulations of spacing and format have caused Defendants' brief to be noncompliant per the Court's Order.

WHEREFORE, Plaintiff moves to strike Defendants' initial Brief in Support of their Motion for Summary Judgment (Doc. 106) as noncompliant and in violation of this Court's Order.

Respectfully Submitted,

*/s/ Alicia K. Haynes*
Alicia K. Haynes
One of the Attorneys for Plaintiff

**OF COUNSEL:**
**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, AL 35226
Phone: (205) 879-0377
akhaynes@haynes-haynes.com

Heather Newsom Leonard
**HEATHER LEONARD, P.C.**
P.O. Box 43768
Birmingham, AL 35243
Phone: (205) 977-5421
heather@heatherleonardpc.com

Cynthia Forman Wilkinson
**WILKINSON LAW FIRM**
1717 3rd Avenue North, Suite A
Birmingham, AL 35203
Phone: (205) 250-7866
cwilkinson@wilkinsonfirm.net

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been served upon counsel listed below, via email this 16th day of December, 2022.

Ronald S. Williams
Amy Jordan Wilkes
Cayman L. Caven
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

Brent L. Crumpton
BRENT L. CRUMPTON, P.C.
1120 28th Place South
Birmingham, AL 35205
(205) 222-4456
blc@crumptonlaw.com

                                                */s/ Alicia K. Haynes*
                                                OF COUNSEL